979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nellie TUBERVILLE, William Tuberville, Plaintiff-Appellants,
v.
CITY OF FERNDALE; Ferndale Police Department; Wilson,
Police Officer; Andrew Wurm, Police Officer,
Defendants-Appellees.
 No. 92-1055.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellants William and Nellie Tuberville appeal from the district court's award of summary judgment in favor of defendants, thereby dismissing their cause of action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have waived oral argument.
 
 
 2
 Seeking monetary damages, Mr. and Mrs. Tuberville brought suit alleging that police officers used excessive force during a traffic stop, arrest, and search. Plaintiffs also alleged pendent state law claims of assault & battery, wrongful detention, and loss of consortium. The defendants are the City of Ferndale, Michigan, the Ferndale Police Department, Police Officer Wilson, and Police Officer Wurm.
 
 
 3
 The case came before the district court on defendants' motion for summary judgment. Oral argument was heard. At the conclusion of oral argument, the defendants' motion for summary judgment was granted. The district court held that "there is nothing on the record that I can find that there is excessive force ..." The court noted that "there are no affidavits or transcripts of depositions or any of those kinds of material in the record. The only thing that I have in the record in this particular matter are certain attachments that were attached to the brief of the plaintiffs in this particular matter, which are somewhat illegible, but appear to show the hospital records in this particular matter as to the injuries, and try to relate those injuries to the use of some kind of excessive force." From that judgment, plaintiffs appeal.
 
 
 4
 On appeal, the Tubervilles argue that they have sufficiently supported their claims of excessive use of force and an injury resulting to Mrs. Tuberville resulting from the force, giving rise to a genuine issue of material fact. The § 1983 cause of action against the City of Ferndale seems to have been waived. It is not raised by the Tubervilles on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Appellate courts review de novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In determining whether a genuine issue of fact exists, the court must view the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).
 
 
 6
 Upon review, we find no error. The plaintiffs failed to make a showing sufficient to establish the existence of a genuine issue of material fact.
 
 
 7
 The defendants have refuted the allegations contained in the complaint by submitting affidavits that flatly deny that any force whatever was used against either plaintiff. The plaintiffs on the other hand, have not made a showing to the contrary. A party opposing summary judgment cannot merely stand on his pleadings but must make a showing sufficient to establish the existence of a genuine issue of material fact. See Wayne v. Tennessee Valley Authority, 730 F.2d 392 (5th Cir.1984), cert. denied, 469 U.S. 1159 (1985).
 
 
 8
 The movants have met the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case and plaintiffs have failed to bear their burden of producing more than a scintilla of evidence to overcome the motion. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-81 (6th Cir.1989). No affidavits or transcripts of depositions are contained in the record that would relate any alleged injuries to the use of some kind of objectively unreasonable force. See Graham v. Connor, 490 U.S. 386, 399 (1989).
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.